■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO CARDONA, Appellant.—Judgment of conviction, Supreme Court, New York County, rendered November 29, 1973, after trial to a jury, affirmed. Were there truly a question of fact concerning the relationship between the District Attorney and the informer, the hearing suggested by our dissenter might be in order. The purpose of a hearing is to ascertain the facts. But the facts are known; indeed, they are fully set forth in the dissent, and they indicate quite clearly that this is not a *Massiah* case. True it is that the informer's existence and activity became known to the prosecutor, but only after, on his own, not recruited by the District Attorney, he had received defendant-appellant's voluntary and uninvited admissions. Thereafter he reported only; he was not coached. It may well be that he was told that his co-operation would be made known to the sentencing court, but no evil is to be inferred from this circumstance. The conduct of the prosecutor was correct and circumspect, and *Massiah* has no application. Concur—Markewich, J. P., Lupiano, Lane and Nunez, JJ.; Murphy, J., dissents in the following memorandum: Murphy, J. (dissenting). I would direct a hearing for the purpose of determining whether an agency relationship existed between the Manhattan District Attorney's office and a Tombs inmate, James Morgan, and withhold decision on the appeal pending such determination. Defendant was convicted of killing his victim during a street argument over a girl, his sexual preference and several hundred dollars; and sentenced to 25 years to life imprisonment. The People's case was established by two passersby, one of whom witnessed the entire incident; and certain admissions allegedly made by defendant to Morgan. The sole question raised on this appeal is whether the statements to Morgan should have been received in light of the Supreme Court's decision in *Massiah v United States* (377 US 201). The testimony below discloses that Morgan was arrested in October, 1969, indicted for robbery in the first degree and kept in the Tombs awaiting trial. During his sojourn at the aforesaid correctional institution he visited the District Attorney's office on some eight occasions to disclose information concerning his own and other pending cases. During the summer of 1970, he twice reported the substance of conversations he had with defendant, the second more incriminating than the first. The District Attorney's representatives were admittedly "very aware of the Massiah case" and carefully avoided giving Morgan instructions with respect to further conversations with defendant. Concededly, however, Morgan was informed that the fact of his co-operation would be brought to the attention of his (Morgan's) sentencing judge. And, perhaps purely by coincidence, Morgan, who originally faced up to 25 years on the robbery charge, was eventually permitted to plead guilty to a reduced charge and sentenced to a four-year term of imprisonment; for which he was grateful, particularly since he had rejected earlier plea offers of 15, 7 and 5 years, respectively. In *Massiah,* the Supreme Court reversed a conviction where the government used a co-operating codefendant, as its own agent, to elicit statements surreptitiously from a defendant after indictment, in the absence of counsel. Clearly, *Massiah* does not exclude every incriminating statement made by a defendant to a fellow inmate out of the presence of counsel. (Cf. *United States ex rel Milani v Pate,* 425 F2d 6; *Paroutian v United States,* 370 F2d 631.) However, "the *Massiah* rule is not limited to *Massiah* 'circumstances' but applies * * * even when not deliberately elicited by interrogation or induced by misapprehension engendered by trickery or deception." *(Hancock v White,* 378 F2d 479, 482.) The circumstances presented here call for a full exploration of the relationship, if any, which existed between the District

Attorney's office and Morgan. A right sense of justice requires compliance with the spirit as well as the letter of *Massiah;* and the mere fact that the government representatives scrupulously refrained from giving Morgan specific instructions should not be permitted to obfuscate this central issue.