Jasen, J.
Crucial to the prosecution’s murder case against defendant were admissions allegedly made by defendant to a fellow prison inmate. Defendant contends that these statements were not admissible in evidence under the rule of Massiah v United States (377 US 201) on the theory that the fellow inmate solicited the statements as an agent for the prosecution in violation of defendant’s right to counsel.
At the suppression hearing, the court found that the inmate-witness had not solicited the statements, that the statements had been freely volunteered by the defendant, that the prosecution had not promised the inmate-witness any benefit in return for the information that he provided, and that the inmate had contacted the District Attorney’s office on his own initiative. Moreover, it was found that the defendant had not been coached or instructed by the police and prosecutors. Upon trial, defendant was convicted by a jury of murder and felonious possession of a weapon. On appeal, the Appellate Division affirmed both the order denying the motion to suppress and the resulting judgment of conviction, one Justice dissenting. (48 AD2d 610.)
The procedural posture of this case dictates an affirmance unless it can be said, as a matter of law, that the sole inference to be drawn from the facts as found by the courts below, is that the inmate-witness was acting as an agent for the prosecution. Although the facts would certainly support an inference of agency, the facts would not support the conclusion that this inference is the exclusive inference that *335 could be rationally drawn from these facts. Under this circumstance, with cognizance of the limited powers of this court with respect to the review of questions of fact, we cannot substitute our view of the record for that of the suppression court and of the majority of the Appellate Division.
Certain it is that the prosecution in this case walked a thin line, particularly when it is considered that the inmate-witness provided information on other defendants on several occasions and that this co-operation was brought to the attention of the Judge who sentenced the witness, thereby producing a measure of leniency that apparently would not have been otherwise forthcoming. On the other hand, it must be acknowledged that inmates, and other police informants, frequently volunteer information on their fellows in the hope, but not in the certainty, of obtaining favored treatment. That the informer has a self-interest in obtaining better treatment from the government does not thereby automatically make the informer an agent of the government. The motivation to inform comes from the informer and not from the government. To be sure, if the government affirmatively plays on that motivation or harkens the informer to his self-interest, it thereby runs the risk of being responsible and accountable for the informer’s actions. But mere acceptance of proffered information by the government does not by itself necessarily establish the existence of an agency relationship between government and informer.
Thus, it has been held that where an informer works independently of the prosecution, provides information on his own initiative, and the government’s role is limited to the passive receipt of such information, the informer is not, as a matter of law, an agent of the government. (E.g., United States ex rel. Milani v Pate, 425 F2d 6, cert den 400 US 867; Paroutian v United States, 370 F2d 631; United States ex rel. Irving v Henderson, 371 F Supp 1266.) Yet, if the government is more than a passive auditor, such as where it actively inveigles a codefendant or fellow prisoner to inform as in Massiah itself, the statements made to the informer should be suppressed on the ground that the government, through its agent, encroached upon the defendant’s Sixth Amendment rights. However, we decline to subscribe to any ironclad rules as to when agency exists since the niceties of rule-complying form could easily mask the substance of a true agency relationship. It suffices, for our present purpose, to state that the *336 courts below have found that the factual predicates for a finding of agency are absent and that under the circumstances of this case, we cannot say that, based on the unreviewable factual findings, their ultimate conclusion was erroneous as a matter of law.
Accordingly, the order of the Appellate Division should be affirmed.