Cooke, J. (dissenting).
There should be a reversal and a new trial.
The defendant’s inculpatory statements to the inmate-witness should not have been admitted in evidence under the rule of Massiah v United States (377 US 201), a rule involving the basic protection of the Sixth Amendment guarantee to assistance of counsel. Of course, it is true, as the majority states, "that inmates, and other police informants, frequently volunteer information on their fellows in the hope, but not in the certainty, of obtaining favored treatment” (p 335). In the ordinary case, the volunteering of such information by the fellow inmate would not make him an agent of the prosecution and, hence, would not violate the Massiah rule (cf. Paroutian v United States, 370 F2d 631). In the instant case, however, if the inmate-witness was not in fact an agent, he was nonetheless performing the same function to the same unconstitutional end.
The contact between the inmate-witness and the prosecution was not one of an isolated instance or two but, rather, of long duration and involving a considerable number of contacts. The facts accepted by the Appellate Division (48 AD2d 610) establish, among other things: that Morgan, the inmate-witness, was arrested in October, 1969, indicted for robbery in the first degree and kept in the Tombs awaiting trial; that during his sojourn at the Tombs he visited the prosecutor’s office on some eight occasions to disclose information concerning his own and other pending cases; that during the summer of 1970 he twice reported the substance of conversations he had with defendant, the second more incriminating than the first; that, concededly, Morgan was informed that his co-operation would be brought to the attention of his sentencing Judge; and that, perhaps by coincidence, Morgan, who originally faced up to 25 years on the robbery charge, was eventually permitted to plead guilty to a reduced charge and sentenced to a four-year term, after rejecting earlier plea offers of 15, 7 and 5 years.
*337 The finding of the Appellate Division reveals that the inmate-witness was actively seeking incriminating information from fellow inmates and offering it to the prosecution in return for having his co-operation made known to the sentencing court. Of course, the prosecution could not prevent him from obtaining this information, and the record shows that it did not coach him or expressly urge that he obtain further information. Nevertheless, it is too easy to say that the Massiah rule does not apply merely because the prosecution, though encouraging the source, did not actively seek information. For all intents and purposes, the inmate-witness here performed the same function as an agent and the admission in evidence of defendant’s statements to him flouts the Massiah rule just as much and just as effectively as if the prosecution had formally and expressly requested that he elicit the statements from defendant.
The Massiah rule is not limited to Massiah circumstances (see Hancock v White, 378 F2d 479, 482). For example, in Beatty v United States (377 F2d 181, 190) the majority of the Court of Appeals, Fifth Circuit, in attempting to distinguish the situation there with that in Massiah, stated, inter alia: "Here, the government agents did not instruct [the secret informer] to engage the appellant in conversation or even to associate with him.” On appeal, the Supreme Court summarily reversed the judgment of conviction, citing Massiah (Beatty v United states, 389 US 45). (See, also, McLeod v Ohio, 381 US 356; United States ex rel. O’Connor v State of New Jersey, 405 F2d 632, 636-637.) Similarly, in the instant case, the rule should not be so tightly compartmentalized into a strict principal-agent relationship so as to ignore the reality of what actually occurred here.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Jasen; Chief Judge Breitel concurs in the following memorandum: I concur in the majority opinion only because the findings of fact as a result of the suppression hearing are binding on this court. Otherwise I would have agreed with the reasoning of the dissenting opinion. Judge Cooke dissents and votes to reverse in a separate opinion.
Order affirmed.